---

## In re ATWOOD et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. ASSIGNMENTS FOR CREDITORS—FACTORS—REIMBURSEMENT.

    A commission merchant to whom merchandise is consigned by one who subsequently makes an assignment for the benefit of creditors may dispose of the goods in the manner which he thinks will realize the most for the recoupment of the advances he has made to the insolvent.

2. USURY—WHAT CONSTITUTES—BONA FIDES.

    Where a promisor in a contract by its terms agrees to pay a compensation in addition to the interest agreed on, the test of usury is whether the

compensation is bona fide or merely a cover for the payment of a larger rate of interest.

Appeal from special term, New York county.

Appeal by Hector M. Hitchings, as assignee, from an order confirming the report of a referee allowing a claim filed by James Talcott against the assigned estate of Orlo Atwood & Sons. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Melvin G. Palliser, for appellant.

Charles E. Hughes, for respondent.

VAN BRUNT, P. J. It does not seem to be necessary to detail the facts contained in the record, as there is but little dispute as to what were the actual occurrences. Prior to the time of the failure of Atwood & Sons, who made the assignment to the appellant, they had been accustomed to have dealings with one James Talcott, the claimant herein, a commission merchant, who had been receiving the goods of Atwood & Sons as a commission merchant, advancing them moneys upon the same, and recouping his outlays therefrom. At the time of the assignment, the balance of the account current between the claimant and Atwood & Sons amounted to over $90,000 in his favor. As against this, he held a large quantity of goods, which had been consigned to him by Atwood & Sons. The claimant thereupon presented his claim to the assignee for the total amount which had been advanced by him, giving no credit for the goods which he held as consignee. The court held that he could not prove his claim, until its amount had been ascertained by a sale of the goods in his hands, and the application of the proceeds to the reduction of his claim. Thereupon he proceeded to dispose of the goods in question, and, after the application of the proceeds of the same, there remained due to him some $25,000, for which he presented his claim. This claim was rejected by the assignee upon the ground that it had not been presented within a reasonable time; that the claim was inequitable and unjust, as against the other claimants; and that the same was usurious and void, and that it had been paid. A reference was thereupon ordered, the referee reported in favor of the claimant, and from the order confirming such report this appeal is taken.

It is urged that, in consequence of the claimant refusing to carry out the ideas and wishes of the assignee in the disposition of the goods of which he was consignee, he had forfeited all rights to recover anything from the assigned estate. Upon an examination of the record, we fail to find that there has been any such violation of duty upon the part of the claimant. He had a right to dispose of these goods in the manner in which he might think they would realize the greatest amount, and he was certainly largely interested in such a result.

It is claimed upon the part of the assignee that he should have sold the goods at auction. But he was not obliged to take the

risk of an auction sale. It is by no means established that at an auction sale the goods would have brought any more than they brought in the manner in which they were disposed of by the claimant.

It is also claimed that the assignee caused offers to be submitted to the claimant by which the goods could have been sold for an amount which would have paid the claimant's debt and left a small surplus for the Atwoods. A sufficient answer to this proposition is that no such offer ever assumed a tangible form. If it had, there was nothing to prevent the assignee from bringing his purchaser, giving the claimant his money, and taking the surplus. In fact, there is no evidence whatever contained in this record to show that the estate has been damaged in any respect by reason of the manner in which the claimant sold the goods held by him as consignee.

The further claim that the agreement as to the silk was usurious, and should therefore have been rejected by the referee, is certainly not well taken. There is very respectable authority for holding that such an agreement is not usurious. Matthews v. Coe, 70 N. Y. 239, and other cases of similar import. The true construction of the agreement would seem to be that this purchase of raw silk was in some respects a joint adventure. The claimant participated in the profits in order to repay him for his trouble in the handling of the goods, it being apparent that no commissions were to be charged. The question, in all cases of this description, is as to whether the compensation, in addition to interest, is a mere cover for usury. The case is barren of evidence to sustain any such conclusion. The evidence further shows that the joint adventure entered into by these parties was abrogated by agreement, and the silk went into the general consignment account, the same as all other goods which had been placed in the hands of the claimant as a commission merchant. The case of Chapin v. Thompson, 89 N. Y. 272, seems to establish the further proposition that the provision in the assignment for the payment of the debts of the assignors, which assignment was presumed to refer to the schedules thereafter to be filed, in which schedules the debt of the claimant appeared, precludes the assignee from claiming the avoidance of the debt because of usury, and requires that the amount actually due shall be paid pursuant to the terms of the instrument creating the trust.

The order should be affirmed, with costs. All concur.